# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 99-2229

GARY M. JANSSEN ,                                                                    APPELLANT,

V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                                    APPELLEE.

Before KRAMER, *Chief Judge*, and HOLDAWAY and STEINBERG, *Judges*.

## O R D E R

On July 6, 2001, the appellant filed a motion for an extension of time to file a response to this Court's April 23, 2001, briefing order. On that date, the appellant also filed a motion for leave to file the extension motion 13 days out of time. The Court notes that not only is this the second such motion, but that the previous motion for extension was also filed out of time. John Stevens Berry, the attorney of record for the appellant, indicated in this most recent motion that failure to file a timely response to the Court's April 23, 2001, order was due to the month-long hospitalization of Korey Reiman, the appellant's other attorney. However, Mr. Berry does not indicate what, if anything, prevented him from filing a timely motion for an extension of time to file the response, if not the actual response itself. Furthermore, the Court points out to Mr. Berry that he has a responsibility to monitor the status of this case, and either to respond to Court orders or to seek an extension of time to do so in a timely manner, notwithstanding Mr. Reiman's illness.

On July 13, 2001, prior to the Court's ruling on these motions, the appellant filed yet another motion for an extension of time (seeking up to another 30 days) and a motion requesting clarification as to the Court's April 23, 2001, order. The Court will grant the two July 6, 2001, motions and grant in part the July 13, 2001, motion and will allow the appellant until July 26, 2001, to file the response ordered. As for the appellant's motion for clarification, the Court expresses its concern about the circumstances under which that motion was received, given the not particularly complicated nature of the language involved that the appellant seeks to clarify, as well as the fact that this motion was accompanying a third consecutive request for an extension of time to respond. The Court cautions counsel to be more conscientious in the future as to when matters are due or risk being denied extensions of time to comply. By way of clarification, the appellant must address whether he seeks to waive the applicability of the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), to the rating-increase claim on appeal, being mindful that he cannot know precisely what benefits he might receive under the VCAA because the Secretary has not yet promulgated regulations dealing with the VCAA.

Accordingly, it is

ORDERED that the appellant's July 6, 2001, motions are granted.  It is further

ORDERED that the appellant's July 13, 2001, motions are granted in part and to the extent provided herein.  It is further

ORDERED that, not later than July 26, 2001, the appellant file and serve on the Secretary a response to this Court's April 23, 2001, order.

DATED:      July 20, 2001                                PER CURIAM.